```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM ROCK,                    : CIVIL NO: 1:11-CV-01839
                                 :
          Plaintiff              :
                                 : (Judge Rambo)
     v.                          :
                                 : (Magistrate Judge Smyser)
DONNA ASURE, et al.,             :
                                 :
          Defendants             :
```

**ORDER**

The plaintiff complains that he was not seen by a specialist for a thumb injury he incurred while in a county prison. He blames prison and state officials. He has not alleged, however, how those officials were involved in his medical care. Nor has he alleged facts from which it can reasonably be inferred that the officials were deliberately indifferent to his serious medical needs. Thus, the complaint fails to state a claim upon which relief may be granted. We will grant the plaintiff leave to file an amended complaint.

I. Background and Procedural History.

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint. He

also filed an application for leave to proceed *in forma pauperis.*

The complaint names the following individuals and entities as defendants: 1) Donna Asure, the Warden of the Monroe County Correctional Facility; 2) Gary McFarland, a deputy warden; 3) Susan McCool, a commissioner of Monroe County; 4) Janet Weidensaul, another commissioner of Monroe County; 5) John Doe Medical Company; 6) Dr. Jane Doe, 7) Nurse Jane Doe; 8) Linda Kelly, the Attorney General of Pennsylvania; and 9) the Monroe County Correctional Facility.

The plaintiff alleges that in October of 2009, while he was incarcerated at the Monroe County Correctional Facility, he fell and ruptured his left thumb ulnar collateral ligament. He was taken to the Pocono Medical Center where a doctor told him that he needed to see a specialist within five days. The plaintiff's discharge papers contained the instruction that he see a specialist within five days. But the plaintiff was not taken to see a specialist. So he filed a grievance about the issue. A few days after he filed the grievance and twenty-six days after his injury, the plaintiff was transferred to another facility. In June of 2010, the plaintiff finally saw a

2

specialist, who told him that, because he had not been treated when the injured first occurred, the main tendon from his wrist to his elbow will have to be removed.

The plaintiff alleges that the defendants failed to properly oversee the situation and refer him to a specialist. Instead, he alleges, they transferred him.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more

3

than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

5

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

A. Personal Involvement.

The complaint fails to allege personal involvement on the part of the defendants in the alleged violation of the plaintiff's rights.

6

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

There are two viable theories of supervisory liability. *Santiago*, *supra,* 129 F.3d at 129 n.5. Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice or custom which directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights, or as the person in charge had knowledge of

7

and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

The plaintiff has not alleged how each defendant was involved in the failure to refer him to a specialist. And the defendants cannot be liable simply because of their positions. Thus, the complaint fails to state a claim upon which relief may be granted.

The complaint fails to state a claim upon which relief may be granted for additional reasons.

B. Constitutional Claim.

It is not clear whether the plaintiff was a convicted prisoner or a pretrial detainee during the time he was incarcerated at the Monroe County Correctional Facility. If he was a convicted prisoner, his claim is an Eighth Amendment claim. If he was a pretrial detainee, his claim is a due process claim.

The due process rights of a pretrial detainee are "at least as great" as the Eighth Amendment protections to which a convicted prisoner is entitled. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983). Without determining how much more protection, if any, a pretrial detainee is entitled to above the protection provided to a convicted prisoner, the United States Court of Appeals for the Third Circuit has applied the standards enunciated in Eighth Amendment cases to medical claims by pretrial detainees. *See Boring v. Kozakiewicz,* 833 F.2d 468, 473 (3d Cir. 1987); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). So, in order for the plaintiff to state a viable medical care claim he must allege that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of

9

the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).  Mere disagreement as to the proper medical treatment

10

does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The plaintiff has not alleged whether, and if so how, the named defendants were aware of the plaintiff's need to see a specialist. The defendants cannot be found to be deliberately indifferent merely because of their positions. The plaintiff has not alleged facts from which it can reasonably be inferred that the defendants acted with

11

deliberate indifference to his serious medical needs. Thus, the complaint fails to state a claim upon which relief may be granted.

C.  The Monroe County Correctional Facility.

The plaintiff names the Monroe County Correctional Facility as a defendant. But the facility is a building not a person subject to suit under 42 U.S.C. § 1983.

The Monroe County Correctional Facility is a part of the municipal government of Monroe County. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

12

The plaintiff has not alleged that his constitutional rights were violated as a result of a policy, custom, or practice of Monroe County. Thus, the complaint fails to state a claim upon which relief may be granted against Monroe County and the Monroe County Correctional Facility.

D. Leave to Amend.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). We will grant the plaintiff leave to file, if appropriate[1], an amended complaint.

---

1. Federal Rule of Civil Procedure 11 requires among other things that allegations in a pleading "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation." The court may impose sanctions for violations of Rule 11.

13

IV. Order.

**IT IS ORDERED** that the plaintiff's application to proceed *in forma pauperis* is **GRANTED. IT IS FURTHER ORDERED** that, on or before November 14, 2011, the plaintiff may file an amended complaint. Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint, and, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure. If the

plaintiff fails to file an amended complaint, we will recommend that the complaint be dismissed and the case file closed.

           ***/s/ J. Andrew Smyser***
           J. Andrew Smyser
           Magistrate Judge

Dated:  October 13, 2011.