**NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIREATTORNEY FOR:   Defendant, Donna Asure
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ROCK, <br><br> Plaintiff, <br><br> v. <br><br> DONNA ASURE, et al., <br><br> Defendants | No.  11-CV-1839 -SHR -JAS <br><br> Civil Action - Law <br><br> JURY TRIAL DEMANDED |

**Motion to Dismiss Amended Complaint (Doc. 8)
Pursuant To Fed. R. Civ. P. 12 (B) (6)
on Behalf Of Defendant, Donna Asure**

The defendant, Donna Asure, pursuant to Fed.R.Civ.P 12(b) (6), moves to dismiss the plaintiff's Amended Complaint (Doc. 8) for the following reasons:

1. On October 5, 2011, the plaintiff filed a complaint (Doc. 1) against eight defendants complaining about the medical care he received while incarcerated at the MCCF.

2. On October 13, 2011 (Doc. 6), the Court gave plaintiff leave to file an amended complaint.

3. On November 14, 2011, the plaintiff filed an amended complaint (Doc. 8) naming only the following defendants:

   a. Warden Donna Asure;

   b. Dr. Jane Doe; and

   c. Jane Doe.

4. Plaintiff alleges that the defendants violated his 8th Amendment rights because he was denied adequate medical treatment.

5. Plaintiff was under the care of a physician at the MCCF who elected to treat him herself rather than refer him to a specialist.

6. Plaintiff filed a grievance with Warden Asure on November 2, 2009 asking Asure to refer him to a specialist because the on-site physician failed to make the referral.

7. Plaintiff was transferred out of the MCCF on November 6, 2009, 4 days after he filed the grievance.

8. Rock blames Asure for failing to take action on the grievance as demanded during the 4 days before his transfer.

9. Plaintiff was not seen by a specialist during his stay at the transferee jail, which is not identified, until June 15, 2010 (more than 7 months later).

10. Plaintiff has not stated an 8th Amendment claim against Warden Asure since:

   a. He was receiving treatment by a licensed physician who prescribed medication for him;

   b. He was seen by nurses;

   c. He was treated at the PMC ER.

   d. His claim is for medical malpractice against his physician and not an 8th Amendment claim against Warden Asure.

11. Plaintiff cannot amend his complaint to state a cause of action.

WHEREFORE, the defendant, Donna Asure, requests that her motion to dismiss be granted and that the Plaintiff's Amended Complaint against her be dismissed with prejudice.

        Respectfully submitted,

        NEWMAN, WILLIAMS, MISHKIN,
        CORVELEYN, WOLFE & FARERI, P.C.

        By: /s/ Gerard J. Geiger, Esq.
            Attorney I.D. No. PA 44099

Date: December 1, 2011

## Certificate of Non-concurrence

Because plaintiff is a pro se incarcerated inmate, his concurrence has not been sought.

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

By: /s/ Gerard J. Geiger, Esq.
    Attorney I.D. No. PA 44099

Date: December 1, 2011

## Certificate of Service

I hereby certify that on this date, I served a copy of the foregoing document upon the plaintiff by first class mail, postage prepaid, addressed as follows:

William Rock
JG 4029
SCI-Houtzdale
SPECIAL MAIL - OPEN ONLY IN THE PRESENCE OF THE INMATE
PO Box 1000
Houtzdale, PA 16698-1000

        NEWMAN, WILLIAMS, MISHKIN,
        CORVELEYN, WOLFE & FARERI, P.C.

        By: /s/ Gerard J. Geiger, Esq.
            Attorney I.D. No. PA 44099

Date: December 01, 2011