UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM ROCK,                    : CIVIL NO: 1:11-CV-01839
                                 :
            Plaintiff            :
                                 : (Judge Rambo)
        v.                       :
                                 : (Magistrate Judge Carlson)
DONNA ASURE, *et al.,*           :
                                 :
            Defendants           :


**MEMORANDUM AND ORDER**


I.   **Introduction**

        The plaintiff, William Rock, complains that he was not
seen in a timely manner by a specialist for a thumb injury he
incurred while in a county prison.  He blames the Warden as
well as a doctor and nurse at the prison for the lapse.


    A.  **Allegations and Procedural History**


        In November of 2011, Rock filed an amended complaint
naming Donna Asure—the Warden of the Monroe County Correctional
Facility—Dr. Jane Doe, and Nurse Jane Doe as defendants.  In
March of 2012, he filed a motion for leave to file an amended
complaint naming Prime Care Medical, Inc. as a new defendant.
He also identified defendants Dr. Jane Doe and Nurse Jane Doe

as Dr. Deborah Wilson and Grace Ramos-Huertas respectively. Because Rock did not file a brief in support of that motion for leave to file an amended complaint, the motion was deemed withdrawn.  But Wilson and Ramos-Huertas were substituted for the Doe defendants.

Rock alleges that, in October of 2009, he fell and ruptured his left thumb ulnar collateral ligament.  He was taken to the emergency room of the Pocono Medical Center where a doctor told him that he needed to see a specialist within five days for treatment of his injury.

Rock contends that, upon his return to the prison, he told defendant Ramos-Huertas that he was in severe pain and that the emergency room doctor had said that he needed to see a specialist within five days.  The next day, he spoke with defendant Wilson and explained that he was still in pain and that the emergency room doctor had said that he needed to see a specialist within five days of his injury.  He spoke with Wilson again on October 14th, and she told him that he would be seen by a specialist.  Rock alleges that he was not seen by a specialist, and, a couple of days later, even though he was

still in severe pain, he was taken off the Tylenol 3 that had been prescribed for him.

According to Rock, on November 2, 2009, after twenty-two days of being in severe pain and not seeing a specialist, he filed a grievance notifying defendant Asure that he has not seen a specialist as directed by the emergency room doctor. Rock alleges that, four days later, defendant Asure allowed him to be transferred to another facility knowing that he was in need of emergency treatment.

Rock alleges that when he finally saw a specialist in June of 2010, the specialist told him that, because he had not been treated when the injury first occurred, the main tendon from his wrist to his elbow would need to be removed.  He had surgery in August of 2010.

Rock claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  He seeks compensatory and punitive damages.

Defendants Wilson and Ramos-Huertas filed an answer to the amended complaint.  After the court denied defendant Asure's motion to dismiss, she also filed an answer to the amended complaint.

In June of 2012, Rock filed another motion for leave to file an amended complaint.  This time he filed a brief in support.  But because he failed to file a proposed second amended complaint with his motion as required by Local Rule 15.1, that motion was denied.

B.  **Pending Motions**

There are six motions pending that were filed by Rock: a motion for reconsideration of the order denying his motion for leave to file an amended complaint; another motion for leave to file an amended complaint; two motions to compel discovery; a motion for an extension of the discovery deadline; and a motion for the appointment of counsel.  For the reasons that follow, we will deny all of those motions except the motion for an extension of the discovery deadline.

4

## II. **Motion for Reconsideration**

Rock contends that the court should reconsider its order denying his prior motion for leave to amend.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is only proper in limited circumstances: (1) when there is an intervening change in the controlling law, (2) when there is new evidence not previously available, or (3) when there is the need to correct a clear error of law or fact or to prevent a manifest injustice. *Howard Hess Dental Labs Inc. v. Dentsply Intern., Inc.,* 602 F.3d 237, 251 (3d Cir. 2010). Mere disagreement with the court does not translate into a clear error of law or fact. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id*. "Nor is it to be used to put forth additional arguments which could have been made but which the party

5

neglected to make before judgment." *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994)(Table).  Because courts have a strong interest of finality, they should grant motions for reconsideration sparingly. *Kitzmiller v. Dover Area Sch. Dist.,* 388 F.Supp.2d 484, 488 (M.D.Pa. 2005).

Judged against these stringent standards, Rock's motion for reconsideration fails.  Rock asserts that he mistakenly believed that he had to wait until directed by the court before submitting a proposed second amended complaint.  Yet Local Rule 15.1 clearly provides otherwise.  While recognizing that *pro se* litigants are not held to the same strict standards as lawyers, Rock's mistake is not a reason to grant a motion for reconsideration.  And so we will deny the motion for reconsideration.  In any event, because Rock has filed another motion for leave to file a second amended complaint, which we consider below, he will not be prejudiced by denial of his motion for reconsideration.

**III.**  **Motion for Leave to Amend**

Rock has filed another motion for leave to file a second amended complaint.  This time he has filed both a brief in support and a proposed second amended complaint.

**A.**  **Leave to Amend Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend when justice so requires. Fed.R.Civ.P. 15(a)(2).  Justice does not require leave to amend, however, when the amendment would be futile.  "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 175 (3d Cir. 2010)(quoting *In re Merck & Co. Securities, Derivative & ERISA Litig.,* 493 F.3d 393, 400 (3d Cir. 2007)).

**B.   The Proposed Second Amended Complaint Fails to
     State a Claim Upon which Relief can be Granted**

Rock seeks leave to file a second amended complaint
naming thirteen new defendants.  Because the proposed second
amended complaint fails to state a claim upon which relief can
be granted against any of the thirteen individuals and entities
that he seeks to add, allowing Rock to file his proposed second
amended complaint would be futile.

**1.  Pleading Standards**

"Under Federal Rule of Civil Procedure 8(a)(2), a
pleading must contain a 'short and plain statement of the claim
showing that the pleader is entitled to relief.'" *Ashcroft v.
Iqbal,* 556 U.S. 662, 677-78 (2009).  The statement required by
Rule 8(a)(2) must give the defendant fair notice of what the
plaintiff's claim is and of the grounds upon which it rests.
*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual
allegations are not required. *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007).  But more is required than labels,
conclusions, and a formulaic recitation of the elements of a

8

cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 556 U.S. at 678 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] complaint need not pin plaintiff's claim for relief to a precise legal

theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011).  Rule
8(a)(2) "requires only a plausible 'short and plain' statement
of the plaintiff's claim, not an exposition of his legal
argument." *Id.*  The factual detail necessary to satisfy the
standard will vary depending on the case. *In re Ins. Brokerage
Antitrust Litig.,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be
liberally construed and "'however inartfully pleaded, must be
held to less stringent standards than formal pleadings drafted
by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle
v. Gamble,* 429 U.S. 97, 106 (1976)).

2. **The Proposed Second Amended Complaint Fails to
   Allege Personal Involvement on the Part of Numerous
   Defendants**

At the outset, the proposed second amended complaint
fails to sufficiently allege personal involvement on the part
of many of the proposed new defendants.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).   "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)).   "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

There are two viable theories of supervisory liability. *Santiago*, *supra,* 129 F.3d at 129 n.5.   Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom which directly caused the constitutional harm. *Id.*   Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights, or as the person in charge had knowledge of

11

and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

Rock seeks to add as defendants Prime Care Medical, Prime Care Medical, Inc., Prime Care and Associates and Suzanne McCool, Theresa Merli, Todd Martin, E. David Christine, and Mailo Mehrige—members of the Monroe County Prison Board.  The only allegations in the proposed second amended complaint as to these defendants are conclusory allegations that they failed to properly train their staff to deal with Rock's situation and that they were deliberately indifferent to his serious medical needs.  Although detailed factual allegations are not required to state a claim, more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Twombly*, *supra,* 550 U.S. at 555.  As to these defendants, Rock has not alleged facts from which it can reasonably be inferred that these defendants were personally involved in a violation of his constitutional rights.  Thus, the proposed second amended complaint fails to state a claim upon which relief can be granted against these defendants.

3. **The Proposed Second Amended Complaint Fails to Show Deliberate Indifference on the Part of the Other New Defendants**

In order for the plaintiff to state a viable Eighth Amendment medical care claim, he must allege facts from which it can be inferred that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind,

13

do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  And a prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Rock alleges that, after he filed a sick call slip, defendant Dee Reiss made an appointment for him to see a specialist but that a few days later she cancelled that appointment due to an emergency at the prison.  Rock suggests that Reiss should have made the appointment earlier.  But he has not alleged facts from which it can reasonably be inferred that she knew of his purported medical need earlier.  And he has not alleged facts from which it can reasonably be inferred that she was deliberately indifferent to a serious medical need

14

of his by canceling the appointment in the face of a prison emergency.  So the proposed second amended complaint fails to state a claim against Reiss upon which relief can be granted.

Rock alleges that Paul James did not properly fill out the transfer health information sheet that was sent to his receiving institution and that James allowed him to be transferred while in need of emergency medical treatment. Rock, however, has not alleged facts from which it can reasonably be inferred that James's failure to properly fill out the form was anything more than negligence or that he had the authority to stop Rock's transfer.  So the proposed second amended complaint fails to state a claim against James upon which relief can be granted.

Rock alleges that defendants McFarland and Cuth were aware that he had been denied emergency medical treatment for more than 20 days and they, nevertheless, allowed him to be transferred.  He bases this allegation on a response to his grievance, which response he asserts was not provided to him until two and a half years after the grievance was filed.

Like the proposed claim against defendants Cuth and McFarland, the claim against defendant Asure, which claim survived a motion to dismiss, is based on allegations that Rock filed a grievance notifying defendant Asure that he has not seen a specialist as directed by the emergency room doctor and that defendant Asure allowed Rock to be transferred to another facility knowing that he was in need of emergency treatment. But defendant Asure is the warden of the prison, and it is reasonable to infer that she may have had the authority to stop Rock's transfer.  As to defendants other than the Warden, however, such an inference is not warranted, and Rock has not alleged that these defendants had the authority to stop his transfer.  Further, Rock cannot state a constitutional tort claim against prison supervisors based solely upon their alleged failure to adequately investigate or respond to his grievance.  *See e.g., Paluch v. Sec'y Pa. Dept. Corr.,* 442 F.App'x 690, 695 (3d Cir. 2011)("[T]here is no apparent obligation for prison officials to investigate prison grievances."); *Pressley v. Beard,* 266 F.App'x 216, 218 (3d Cir. 2008)(holding that the district court properly dismissed defendants who were sued based on their failure to take corrective action when grievances or investigations were

referred to them).  Accordingly, the proposed second amended complaint fails to state a claim upon which relief can be granted against defendants Cuth and McFarland.

### C. __The Statute of Limitations Appears to Bar Most of the Claims in the Proposed Second Amended Complaint__

Because the proposed second amended complaint fails to state a claim upon which relief can be granted against the defendants that Rock seeks to add, leave to amend should be denied as futile.  Although it is not necessary for the court to decide the issue, leave to amend should be denied for an additional reason: it appears that the claims in the proposed second amended complaint against most of the defendants are barred by the statute of limitations.

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006).  The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).  A

17

section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).

Rock's claims concern a denial of care and a transfer in October and November of 2009, and he asserts that he learned, in June of 2010, that because the injury had not been treated earlier he needed surgery.  Yet Rock did not file his proposed second amended complaint until August of 2012—more than two years after his claims accrued.  Thus, the claims against the new defendants that Rock seeks to raise in the proposed second amended complaint are barred by the statute of limitations unless they relate back to the date of the filing of the amended complaint.

Federal Rule of Civil Procedure 15(c)(1) provides when an amendment relates back to the date of an earlier pleading:

> **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
> **(B)** the amendment asserts a claim or defense that arose out of the conduct,

18

transaction, or occurrence set out—or
attempted to be set out—in the original
pleading; or

**(C)** the amendment changes the party or the
naming of the party against whom a claim
is asserted, if Rule 15(c)(1)(B) is
satisfied and if, within the period
provided by Rule 4(m) for serving the
summons and complaint, the party to be
brought in by amendment:

    **(i)** received such notice of the action
that it will not be prejudiced in
defending on the merits; and

    **(ii)** knew or should have known that the
action against it, but for a mistake
concerning the proper party's
identity.

The United States Court of Appeals for the Third
Circuit recently explained the purposes of the relation back
doctrine:

Relation back is structured "to balance the
interests of the defendant protected by the
statute of limitations with the preference
expressed in the Federal Rules of Civil
Procedure in general, and Rule 15 in
particular, for resolving disputes on their
merits." *Krupski v. Costa Crociere S.p.A.,* ---
U.S. ----, ----, 130 S.Ct. 2485, 2494, 177
L.Ed.2d 48 (2010). Where an amendment relates
back, Rule 15(c) allows a plaintiff to
sidestep an otherwise-applicable statute of
limitations, thereby permitting resolution of
a claim on the merits, as opposed to a
technicality. *See id.* At the same time, Rule
15(c) endeavors to preserve the important
policies served by the statute of
limitations—most notably, protection against
the prejudice of having to defend against a
stale claim, as well as society's general

> interest in security and stability—by
> requiring "that the already commenced action
> sufficiently embraces the amended claims."
> *Nelson v. Cnty. of Allegheny,* 60 F.3d 1010,
> 1014–15 (3d Cir.1995).

*Glover v. Fed. Deposit Ins. Corp.,* 2012 WL 3834666 at *3, __
F.3d __, ___ (3d Cir. Sept. 5, 2012).

Rock named two Doe defendants in the amended complaint,
but he described them as a doctor and a nurse.  The defendants
that Rock now seeks to add are not doctors or nurses.  Contrary
to Rock's suggestion, there is nothing in the amended complaint
that would have alerted the defendants that he now seeks to add
that but for a mistake concerning the party's identity they
would have been named.  Nor is there any indication that these
defendants received notice of the action within 120 days-the
period provided by Rule 4(m) for service—of the filing of the
amended complaint. Thus, relation back does not apply, and,
absent some sort of tolling, Rock's claims against the new
defendants are barred by the statute of limitations.

We note that Rock suggests that he did not know the
names of the defendants that he now seeks to add.  It is not
necessary, however, for Rock to have known of all of the

details for his cause of action to have accrued. *See Zeleznik v. U.S.,* 770 F.2d 20, 23 (3d Cir. 1985)("[T]he accrual date is not postponed until the injured party knows every fact necessary to bring his action.  Rather, . . . the crucial question in determining the accrual date for statute of limitations purposes [is] whether the injured party had sufficient notice of the invasion of his legal rights to require that he investigate and make a timely claim or risk its loss.").  "On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Kichline v. Consolidated Rail Corp.,* 800 F.2d 356, 360 (3d Cir. 1986).

## IV. <u>Motions to Compel Discovery</u>

Rock has filed two motions to compel discovery.  In his brief in support of his second motion to compel discovery, Rock requests that the court dismiss his first motion as moot and grant his second motion.  In accord with Rock's suggestion, we will deny the first motion to compel discovery as moot.

In his second motion to compel discovery, Rock contends that he served defendant Wilson with interrogatories on May 29, 2012, but he has not received responses to those interrogatories. In addition to an order compelling responses, he seeks $2,500.00 in expenses.

In her brief in opposition to the second motion to compel discovery, defendant Wilson admits that she received the interrogatories in early June. She asserts that the responses to the interrogatories were mailed to Rock on August 29, 2012. She does not provide a reason why she did not respond to the interrogatories in thirty days as required by Fed.R.Civ.P. 33. Nevertheless, because she asserts that she mailed the interrogatories on August 29, 2012, there does not appear to be a reason to grant the motion to compel. In his reply brief, however, Rock asserts that as of September 5, 2012—the date he prepared the reply brief—he has not received defendant Wilson's responses. That may be due to the speed of mail in prison. We will deny the motion to compel, but to ensure that Rock receives the responses, we will direct defendant Wilson to serve another copy of her responses on Rock.

Rock requests $2,500.00 in expenses, but he has not provided any evidence that he incurred such expenses.  Thus, his request for such expenses will be denied.

## V.   Motion for Extension of the Discovery Deadline

Rock filed a motion requesting an extension of the discovery deadline.  Given the problems he has had in obtaining responses to his interrogatories from defendant Wilson, a reasonable extension of the discovery deadline will be ordered. Because we are extending the discovery deadline, we will extend the other case management deadlines accordingly.  An Amended Case Management Order will be issued.

## VI. Motion for the Appointment of Counsel

Rock has filed a motion for the appointment of counsel.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."

*Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002).  Yet 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case. The court has broad discretion to request an attorney to represent an indigent civil litigant. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  But it may not require an unwilling attorney to represent an indigent litigant in a civil case. *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989).

    The United States Court of Appeals for the Third Circuit has developed a number of factors that the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *See Tabron*, *supra*, 6 F.3d at 155-57.  The threshold inquiry is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery, supra,* 294 F.3d at  498-99.  If a plaintiff overcomes this threshold hurdle, the court should consider other factors including 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; 4) the degree to which the case is likely to

24

turn on credibility determinations; 5) whether the case will require testimony from expert witnesses; and 6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997). This list is not meant to be exhaustive. *Tabron, supra,* 6 F.3d at 157.  Rather, the court must determine on a case-by-case basis whether the appointment of counsel is warranted. *Id.* at 158.

Local Rule 83.34 addresses the court's *pro bono* program.  The Middle District Chapter of the Federal Bar Association has assembled a panel of attorneys who will consider representing indigent civil litigants at the request of the court. LR 83.34.3.  The court may present a request for a *pro bono* attorney to the *pro bono* chair of the Middle District Chapter of the Federal Bar Association. *Id.*

We assume that the plaintiff's claims in the amended complaint have merit.  Nevertheless, after considering and weighing the relevant factors, we conclude that the appointment of counsel is not warranted at this time.

The plaintiff understands English, is literate, and is able to communicate effectively.  The standards governing Eighth Amendment claims are well established and have been set forth in this case.  Nevertheless, we recognize that although the legal issues may not be complex it may still be difficult for a *pro se* plaintiff to marshal and properly present evidence to establish his claims. *See Montgomery, supra,* 294 F.3d at 502.  As in all cases, credibility may be an issue, but it does not appear that the case will be decided solely on the basis of credibility.  Expert testimony may be necessary.  While this factor weighs in favor of appointing counsel, it does not require the appointment of counsel and, in this case, it does not outweigh the other factors which weigh against appointing counsel.

The court would prefer that all litigants be represented.  But many attorneys are understandably reluctant to accept *pro bono* appointments in these cases, and it can be very difficult to obtain counsel to represent a prisoner in a civil case. *See Tabron, supra,* 6 F.3d at 157 ("We have no doubt that there are many cases in which district courts seek to

appoint counsel but there is simply none willing to accept appointment.").

As a prisoner, Rock will no doubt face challenges in litigating this case.  But, after considering the relevant factors and considering the liberal construction we give *pro se* pleadings and the leeway afforded *pro se* litigants, we conclude that Rock has the ability to represent himself in this case. Thus, we will deny Rock's motion for the appointment of counsel.  If circumstances change or future proceedings demonstrate the need for the appointment of counsel, we will reconsider the issue either *sua sponte* or upon a motion by Rock.

**VII.  <u>Order</u>**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the plaintiff's motion (doc. 59) for reconsideration, his motion (doc. 61) for leave to file a second amended complaint, his motions (docs. 53 & 72) to compel discovery, and his motion (doc.78) for the appointment of counsel are **DENIED.  IT IS**

**ORDERED** that the plaintiff's motion (doc. 66) for an extension of the discovery deadline is **GRANTED** and that an amended case management order will be issued.  **IT IS FURTHER ORDERED** that defendant Wilson shall serve on the plaintiff another copy of her responses to his interrogatories.

   **SO ORDERED,** this 11th day of September, 2012.


       ***S/Martin C. Carlson***
       Martin C. Carlson
       United States Magistrate Judge