# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

__JG4029__
(Inmate Number)

__William Rock__
(Name of Plaintiff)

__PO Box 1000__
(Address of Plaintiff)

__Houtzdale PA 16698-1000__

vs.

__Donna Asure, Dr. Jane Doe__ (Deborah Wilson)
__Nurse Jane Doe__ (Grace Ramos-Huertas) __Et. al.,__
(Names of Defendants)

Civil NO: 1:11-CV-01839
(Case Number)

Amended
COMPLAINT
Adding Defendants

FILED
SCRANTON

OCT 2 2 2012

PER _____
DEPUTY CLERK

TO BE FILED UNDER: __X__ 42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  Previous Lawsuits

A.  If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

__N/A__

II. Exhaustion of Administrative Remedies

A.  Is there a grievance procedure available at your institution?
    __X__ Yes  ____ No

B.  Have you filed a grievance concerning the facts relating to this complaint?
    __X__ Yes  ____ No

    If your answer is no, explain why not _____

C.  Is the grievance process completed? __X__ Yes  ____ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant DONNA ASURE is employed as WARDEN at MONROE COUNTY CORRECTIONAL FACILITY (MCCF)

B. Additional defendants Deborah Wilson, DR Jane Doe, Doctor AT (M.C.C.F), Grace Ramos-Huertas, Nurse Jane Doe, Nurse AT (M.C.C.F), Paul James, Dee Reiss, Medical Staff, MCCF, Gary McFarland Deputy Warden, MCCF, Richard Cuth Grievance Coordinator MCCF, Suzanne McCool, Theresa Merli, Todd Martin, E. David Christine, Mailo Mehrige, MCCF Prison Board, Monroe County.

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. On September 29th 2009 I was sentenced to serve 5½ to 12 yrs. On October 11th 2009, while in the custody of (M.C.C.F) I fell and ruptured my left thumb ulna collateral ligament, I was then taken on Oct 11th 09 to

2. Pocono Medical Center emergency Room where I was told by Dr. Liegner that I must see a specialist within 5 days for treatment of my injury. Upon return to (M.C.CF) on Oct 9 09' I spoke to Nurse Jane Doe (who was acting under the color

3. of state law) and told her I was in severe pain & that the ER Doctor said I needed to see a specialist within 5 days. On or about October 12th 2009 I spoke with Dr Jane (who was acting under the color of state law) Doe, and explained I was still in severe pain and was

2

Told by the E.R. Doctor that I needed to see a specialist within 5 days of injury. On or about October 14th 2009 I seen Dr Jane Doe again, and was told I would be seen by a specialist. On October 16th I was taken off Tylenol 3 even though I was still in severe pain. On November 2nd 2009 after 22 days of severe pain and not seeing a specialist as directed, I filed a grievance notifing Donna Asure who was acting under the color of state law that I was not being taken to a specialist as directed by the Emergency Room. On November 6th the Defendendant allowed me to be transferd to another facility while knowing I was still in need of emergency treatment. On June 15th 2010 after approx 8 months of severe pain I seen Dr. Hughes, a specialist, and he told me that since I was not treated when the injury first occurred that he has to remove the main tendon from my wrist to elbow to repair my thumb. And I finally recived an operation on August 9, 2010 Defendants Donna Asure, Dr. ~~Jane Doe~~ Deborah Wilson and Nurse ~~Jane Does~~ Grace Ramos-Huertas deliberate indiffrence to my serious medical needs violated my rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution

After the filing of original/amended complaint Plaintiff recieved a copy of dis-charge papers from E.R. (since he was not entitled to recieve them upon discharge) and found out the perscription given stated he was to recieve 1-2 tabs,tylenol #3 every four hours as needed,that appointment to see a specialist was to be made wiyhin 24 hours of injury,that appointment was to be within 5 days of injury and if ther was any problems following directions Plaintiff should be taken back to E.R.(see declaration of William Rock Exhibit B)(Dec'l,Wm Rock,Ex.)

Dr.Wilson was aware of perscription and that Plaintiff was in severe pain but only permitted him to recieve under half of his perscription leaving him to suffer.

Also through the discovery process Plaintiff recieved the supposed response to grievance filed on November 2,2009.He recieved supposed response on June 13,2012(over two and a half years after it was filed)(Plaintiff sent a letter to Asure pertaining to said response to no avail(Dec'l,Wm.Roch Ex.F).And discovered that Richard Cuth,grievance coordinator and Gary McFarland,deputy warden(both of whom were employed at M.C.C.F. and were acting under the color of state law) investigated said grievance 2 days after they recieved it and since they "investigated"they knew or should have known that Plaintiffs injury was serious and that he was being denied ordered treatment and knowingly allowed his treatment to be delayed even longer.Both Cuth and McFarland held positions to correct the problem but did not.And when they discovered the Plaintiff was being transfered they did nothing.both of which left the Plaintiff to suffer in extreme pain and lost a body part,which shows dliberate

indiffrence and is a valid 8th amendment (medical care) claim.

Also through the discovery process and a subpoena,Plaintiff discovered the names of Dee Reiss and Paul James (Dec'l,Wm.Rock Ex.L).Dee Reiss(was employed by Prime Care at M.C.C.F and was acting under the color of state law) Was responsable for following orders/instructions given by the E.R. and make appointment within 24 hours of plaintiffs injury,have appointimet within 5 days of injury which she did not.She was aware of Plaintiffs serious medical needs but chose to wait 12 days to make the appointment when instructions clearly stated that if there was any problem making appointment within 24 hours or having plaintiff seen within 5 days as instructed to have Plaintiff taken back to the E.R. which she also did not do. Reiss did cancel appointment for November 4,2009 on October 29,2009 due to an emergency(Dec'l,Wm.Rock Ex.C)which was 6 days before the so called emergency occured.Reiss knowingly/intentionally disreguarded orders instructions and was aware of Plaintiffs serious medical needs.Reisses deliberate indiffrenc to Plaintiffs serious medical needs resulted in Plaintiff left to suffer in extreme Pain and loss of body part and is a valid 8th amendment (medical care) claim.

Paul James(who was employed by prime care at M.C.C.F. was acting under the color of state law) was responsable for reviewing Plaintiffs medical records and relay information as to his medical condition (as per Policy #MCCF-D-05)to recieveing facility.Since James reviewed Plaintiffs medical records He knew or should have known of Plaintiffs serious medical condition and his dire need of ordered treatment and intentionalyy did not relay any information as to Plaintiffs injury,orders or treatment(Dec'l,Wm.Rock Ex.H)

intentionally delaying Plaintiffs ordered treatment even longer resulting in Plaintiff suffering in severe pain and loss of body part. James deliberate indiffrence to Plaintiff serious medical needs is a valid 8th amendment(medical care) Claim.

    M.C.C.F. Prison Board members policy gives 5 buisness days to respond to grievances which in my case resulted in deliberate indiffrence since if Plaintiffs grievance would have been reviewed investigated the day it was recieved this situation would have been avoided. and they have no policy as to transfering a person in need of treatment which also resulted in deliberate indiffrence since the injury happened while in their custody and should be treated while in their custody and since it wasnt it was intentionally delayed.

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Allow me to seek Compensatory and punitive Damages from the Defendants (in their individual Capacity) for Violation of the 8th Amendment AND loss of Body Part/full use of hand.

2. ~~Help me get the Name of the Doctor and Nurse and medical records from Monroe County Correctional Facility~~

3. Appoint AN Attorney to represent me since I am unable to Afford one nor do I know How to present my case or the rules to do so.

Signed this __16__ day of __October__, __12__.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__10-16-12__            _____
(Date)                              (Signature of Plaintiff)

3

## CERTIFICATE OF SERVICE

I, William Rock, *pro se*, hereby certify that I have on this day served a true and correct copy of the foregoing pleading upon the persons named below. This service was effectuated by First Class U.S. mail, delivered to prison officials at SCI Houtzdale for proper postage and mailing: Prisoners Mailbox Rule Invoked on said Pleading

Mary E. D'Andrea  
Clerk of Courts  
235 North Washington Ave.  
P.O. Box 1148  
Scranton Pa. 18501-5650

One (1) Original and Two (2) copies

Gerard J. Geiger/Robert Kidwell  
712 Monroe St.  
P.O. Box 511  
Stroudsburg, Pa.  
      18360-0511

One (1) Copy

John R. Ninosky  
301 Market St.  
P.O. Box 109  
Lemoyne Pa. 17043

One (1) Copy

October 16, 2012  
Date

William Rock  
JG-4029  
S.C.I. Houtzdale  
P.O. Box 1000  
Houtzdale Pa.  
   16698-1000

William Rock
JG4009
PO Box 1000
Houtzdale PA
16698-1000

RECEIVED
SCRANTON
OCT 2 2 2012
MARY E D'ANDREA CLERK
PER_____ DEPUTY CLERK

Mary E D'Andrea
235 North Washington Ave
PO Box 1148
Scranton PA
18501-5650