**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| William Rock<br>    Plaintiff | : | Civil No.1:11-Cv-01839 |
| | | (Judge Rambo) |
| v. | | (Magistrate Judge Schwab) |
| | | Jury Trial Demanded |
| Donna Asure, et al.,<br>    Defendants | : | |

FILED SCRANTON FEB 15 2013 PER _____ DEPUTY CLERK

## PLAINTIFFS OBJECTIONS TO REPORT AND RECOMENDATION OF MAGISTRATE JUDGE SCHWAB (Doc.109)

Now comes William Rock,Plaintiff),pro se,with his timely objections to the Report and Recomendation of Magistrate Judge Schwab (Doc. 109),of which avers the following:

### PROCEDURAL HISTORY

This case stems from an injury that occurred while Plaintiff was in the custody of staff at Monroe County Correctional Facility (MCCF),as a sentenced inmate.

On October 11,2009 the Plaintiff ruptured the left thumb ulnar collateral ligament.The injury was so severe that Plaintiff needed to be taken to the Emergency Room (ER) at night and was seen by Doctor Liegner approx. an hour after the injury occurred, where Plaintiff was told by Doctor Liegner that He was unable to treat his injury due to the severity and ordered Plaintiff to see a specilist within 5 days (of injury) ,see declaration of William Rock Exhibit B (Decl,Wm.Rock Ex).

On November 2,2009 after 22 days of severe pain and being denied access to ordered emergency medical treatment,Plaintiff filed a grievance (which was recieved by staff at MCCF on November 3,2009) Notifing Asure/staff that he was denied access to ordered medical treatment as directed and all the Plaintiff requested was proper medical attention,which was denied (see Decl Wm.Rock Ex M-12) "Grievance Response".

On November 6,2012 Plaintiff was transfered while still in dire need of emergency medical treatment (of which Asure/staff were well aware of) leaving Plaintiff to suffer in extreme pain, unable to use his left hand and intentionally delayed Plaintiffs access to medical treatment even longer which resulted in a body part being removed.

**ARGUEMENT**

Plaintiff is an incarserated inmate with extremely limited access to law library and apparentlyignorant as to the rules of this Court. And as set forth in <u>Erickson V. Pardus 551 U.S. 89,94, 127 S.Ct.2197 (2007)(per curiam); Hughes V. Rowe 449 U.S. 5,9,101 S.Ct. 173(1980) (citing Haines V. Kerner 404 U.S. 519,520-21,92 S.Ct. 594 (1972)(per curiam) (pro se complaints are entitled to liberal construction)).</u>

Plaintiffs complaint states that the MCCF Prison Board Members polocy/non-polocy resulted in deliberate indiffrence of treatment. And it was established in said complaint that the Plaintiffs medical needs were "serious", <u>The Eighth Amendment Prohibition against</u>

Cruel and Unusual Punishment is violated by "Deliberate indiffrence to a [Prisoners] serious medical needs" Estelle V. Gamble 429 U.S. 97,97 S.Ct. 285,291 50 L.Ed.251 (1976). All of which support Plaintiffs Deliberate indiffrece Calim. Stating a Claim "requires a complaint with enough factual matter (taken as true) To suggest; the required element"Philips V. County of Alleghany 515 F.3d.224, 234 (3d Cir.2008)[Quoting Bell Atlantic 550 U.S. at 576 n.3]. A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his calim which would entitle him to relief" Cruz V. Beto 405 U.S. 319,322 (1972).

"Plaintiff must link Defendants to the conduct about which he complains" United States V. Philadelphia 644 F.2d 187,205 (3d Cir 1980). The members of the MCCF Prison Board (who were acting under the color of state law,asis every Defendant already named) are responsable for polocies,trainig and supervising " a Plaintiff is not required to set forth a legal theory,so long as some legal theory can be sustained on the facts pleaded in complaint" Philips V. Gindrich 408 F.3d. 124,130 (2d Cir. 2005), O'Grady V. Village of Libertyville 304 F.3d 719,723 (7th Cir.2002). And said Members are/were responsable for the actions of "every Defendant" already named, by directing staff asto investigating grievances, which in Plaintiffs case,left him in extreme pain by delaying access to ordered emergency medical treatment,by knowingly transfering a person in dire need of emergency medical treatment which in the Plaintiffs case left him to suffer in extreme pain, unable to use his left hand and resulted in a loss of a body part.

(3)

and decided upon "onsite providers" which according to the MCCF staff Defendants are incompitant.

The Plaintiff must "allege that a 'polocy or custom' of the [Defendants] was the 'moving force' behind [the constitutional] violation" Grayson V. Mayview State Hospital, 293 F.3d 103,107 (3d Cir.2002)(citing Bd.of Cnty. of Comm'rs of Bryan Cnty.,Okla. V. Brown 520 U.S. 397,404,117 S.Ct. 1382,137 L.Ed.2d.626(U.S 1997). " a Plaintiff must demonstrate that the conduct was committed by a person or entity acting under the color of state law and that such conduct deprived the Plaintiff of Rights,privledges,or immunities secured by the Costitution or the laws of the United States",Piecknick V. Comm. of Pennsylvania 36 F.3d 1250,1255-56 (3d Cir.1994). Which is shown through out the Plaintiffs complaint by the actions of the named Defendants who acting under the discretion/direction of the members of the MCCF Prison Board.

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguements that they could suggest.This polocy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertant forefeiture of important rights because of their lack of legal training.(citing from)U.S.Ex.rel. Walker V. Fayette County,Pa. 599 F.2d 573,575 (3d Cir.1979). Finding it incumbant upon district court to take appropriate

(4)

measures to permit adjudication of pro se claims on the merits rather that order their dismissal on technical grounds" <u>Donald V. Cook County Sheriffs Department 95 F.3d. 548,555 (7th Cir.1996).</u> "Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint,"however inartfully pleaded, must be held to a less strigent standanrds than formal pleadings drafted by lawyers" <u>Erickson V. Pardus 551 U.S. at 94.</u>

Wherefore, based upon the above mentioned as well as stated in complaint, Plaintiff prays that this Honorable Court name Suzanne McCool, Theresa Merli, Todd Martin, E. David Christine and Mailo Mehrige (MCCF Prison Board Members) as Defendants in the interest of Justice.

Respectfully Submitted

William Rock, pro se
JG-4029
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, Pa.
16698-1000

## CERTIFICATE OF SERVICE

I, William Rock, pro se, hereby certify that I have on this 11th day of February, 2013 have served a true and correct copy of " Motion For Appointment of Counsel, Brief in Support of said Motion and Plaintiffs Objections to Report and Recomendation of Magistrate Judge Schwab (Doc.109)" upon the Parties named below. This service was effectuated by First Class U.S. Mail delivered to officials at S.C.I. Houtzdale for proper postage and mailing. Prisoners Mailbox Rule in invoked on above mentioned.

| | |
|---|---|
| Mary E. D'Andrea<br>235 North Washington Ave.<br>P.O. Box 1148<br>Scranton, Pa. 18501-5650 | One (1) Original<br>and Two (2) Copies |
| Gerard Geiger/Robert Kidwell<br>712 Monroe St.<br>P.O. Box 511<br>Stroudsburg, Pa. 18360-0511 | One (1) Copy |
| John Ninosky<br>301 Market St.<br>P.O. Box 109<br>Lemoyne, Pa. 17043 | One (1) Copy |

Respectfully Submitted

William Rock, pro se

Mary E D'Andrea
235 North Washington Ave
PO Box 1148
Scranton, Pa.
18501-5650

William Rock
JG4099
PO Box 1000
Houtzdale, Pa.
16698-1000

RECEIVED
SCRANTON
FEB 15 2013
PER _____ DEPUTY CLERK

RECEIVED
SCRANTON
FEB 15 2013
_____ CLERK



Queue: CW

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

William Rock            :    Civil No:11-Cv-01839
    Plaintiff           :
                        :    (Judge Rambo)
v.                      :
                        :    (Magistrate Judge Schwab)
Donna Asure, et al      :    Jury Trial Demanded
    Defendants          :

FILED SCRANTON FEB 1 5 2013 PER [signature] DEPUTY CLERK

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C.§1915(c)(1), William Rock (Plaintiff), pro se, moves for an order appointing counsel to represent him based upon the following:

1. Plaintiff was unable to fully answer interrogatories from Defendants.

2. Plaintiff is unable to afford counsel to represent him, and has been granted leave to proceed in forma paurpris.

3. Plaintiffs case has arguable merit.

4. Plaintiff lacks proper ability/knowledge to properly present his own case.

5. Plaintiffs case is pertaining to medical issues which are complex.

6. Plaintiff is unable to properly investigate.

7. Plaintiffs case will be decided upon credibility determinations.

8. Plaintiff will need the testimony of expert medical specialists.

9. Plaintiff has attempted to retain counsel to no avail.

10. Without proper representation the Plaintiff will be denied the justice he so deserves.

Therefore the Plaintiff respectfully requests that this Honorable Court grant his motion and appoint counsel in the interest of justice.

Respectfully Submitted

William Rock, pro se
JG-4029
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, Pa.
  16698-1000