IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ROCK,** | : | **CIVIL NO. 1:11-1839** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Schwab)** |
| **DONNA ASURE,** *et al.*, | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Before the court is a March 6, 2014 report and recommendation of Magistrate Judge Schwab (Doc. 173) in which she recommended that the motion for summary judgment filed by Defendants James, Huertas, Reiss and Wilson ("the Medical Defendants") for summary judgment be granted; that the motion for summary judgment filed by the non-medical defendants Asure, Cuth, and McFarland be granted; that Plaintiff William Rock's motion for leave to file a third amended complaint (Doc. 141) be denied as moot; and that Rock's motion to file a third amended complaint (Doc. 153) be denied.

**I.      Factual Background**

Rock filed an action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. His claim is that the defendants were deliberately indifferent to a serious medical condition.

On September 29, 2009, Rock was sentenced to serve, in a state correctional institution, a sentence of not less than 66 months nor more than 144 months (Doc. 108). Prior to being transferred to a state correctional institution, Rock was in custody of the Monroe County Correctional Facility (MCCF). On October 11,

2009, while at MCCF, Rock fell and ruptured the ulnar collateral ligament in his left thumb. (*Id.*) He was taken to the emergency department of the Pocono Medical Center that same day. His discharge instructions recommended a consult with an orthopedic or hand specialist "later that week." (Doc. 139, Ex. A.) He was also prescribed Tylenol with codeine #3. (*Id.*)

On October 12, 2009, Rock was seen by Prime Care Medical, Inc. at MCCF and a consult with a hand specialist was ordered. That appointment was scheduled for November 4, 2009. (Doc. 139, Ex. B.) That appointment was rescheduled to November 11, 2009. In the meantime, Rock was transferred from MCCF to the State Correctional Institution at Graterford. Upon being transferred to the state institution, the November 11, 2009 consult was canceled.

Between December 18, 2009 and August 9, 2010, Rock met with several doctors who acknowledged his need to see a hand specialist. On August 9, 2010, Rock has surgery on his hand. (Doc. 169.) The ligament was not repairable. A graft had to be harvested.

Rock's claims against the Medical Defendants are that (1) Wilson Huertas and Reiss acted with deliberate indifference to his serious medical needs by failing to promptly schedule a specialist appointment.; (2) James was deliberately indifferent by failing to note on the Transfer Health Information form of a need for a specialist consult for his thumb; and (3) Wilson was deliberately indifferent because he disregarded the prescription for Tylenol #3 prescribed by Dr. Liegner of Pocono Medical Center. Rock's claim against the Non-medical Defendants is that his Eighth Amendment rights were violated by allowing him to be transferred from MCCF to a state correctional institution before he could consult with a hand specialist.

**II.         Discussion**

   **A.  Claims against Wilson, Huertas & Reiss**

There is no question that Rock had a serious medical condition. The issue to be resolved is whether Defendants Wilson, Huertas and Reiss were deliberately indifferent to that serious medical condition. The magistrate judge noted that Wilson ordered a consult with a specialist the day after the trauma. The fact that the consult was set for November 4, 2009, and then rescheduled to November 11, 2009, does not show that these dates were scheduled by any other reason than scheduling concerns. There is no evidence that these Defendants "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1970).

The November 11, 2009 consult was never met because Rock was transferred from MCCF to SCI Graterford, a transfer over which the county had no authority to counter. The fact is undisputed that Rock received medical treatment at MCCF, a follow-up consult was scheduled, and a specialist was contacted on his behalf. (Report and Recommendation at p. 21.) There is no deliberate indifference shown by these Defendants.

   **B.  Claims Against James**

Rock claims that James failed to include information about his hand injury on the Transfer Health Information Form. He alleges that this failure caused his consultation with a specialist and surgery to be further delayed. As the magistrate judge noted, Rock has failed to adduce any evidence demonstrating that the failure was egregious or amounted to anything other than mere negligence.

   **C.  Claims against Wilson**

Rock claims that Wilson was deliberately indifferent by ignoring his pain management needs. When Rock was discharged from the emergency room, Dr. Liegner prescribed Tylenol #3 at a rate of one to two tablets every four hours as

needed. At the prison, Dr. Wilson wrote a new prescription for Tylenol #3 at the rate of 1 tablet every four hours. This change was to meet the medical distribution schedule at this prison. It appears that Rock never complained that the changed prescription was not adequately treating his pain. As the magistrate judge noted, even if Rock had complained, his complaint would amount to "nothing more than a mere disagreement with Wilson's medical judgment." (Doc. 173 at p. 23.)

### D.  Claim Against Non-Medical Defendants

Rock alleges that Defendants Asure, Cuth, and McFarland violated his Eighth Amendment rights by allowing his transfer from MCCF to SCI Graterford before his scheduled appointment with a hand specialist and that this action constituted deliberate indifference which resulted in a delay of his ultimate surgery as well as having to undergo a more serious surgery. Rock has not cited any law or regulation that these Non-Medical Defendants could have interfered or prevented his transfer from a county facility to a state correctional institution.

The magistrate judge disavowed Rock's claim of deliberate indifference to his serious medical needs for the following reasons: (1) Cuth and McFarland were unaware of Rock's medical claims until he filed a grievance; (2) Asure never had knowledge of Rock's medical needs because Rock could not complete his grievance appeal process; (3) Rock was under the care of medical experts all during this time at MCCF; and (4) there is no evidence that his transfer to SCI Graterford was wanton or malicious. These findings are supported by the record.

**III.**     **Conclusion**

There has been no violation of Rock's Eighth Amendment rights and this is supported by the record before this court. Rock's motions to amend his second amended complaint will be denied. An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                              United States District Judge

Dated: May 13, 2014.